```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/5/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
EVERYTHING YOGURT BRANDS, LLC, et al.,           :
:
Plaintiffs,           :
:                23-cv-1161 (LJL)
-v-                                :
:                     ORDER
FRANCESCO BIANCO, et al.,                        :
:
Defendants.         :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Plaintiffs move for reconsideration of this Court's July 22, 2024 Memorandum and Order denying their motion for default judgment. Dkt. No. 82.

    "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

    The thrust of Plaintiffs' motion is to argue that this Court should not have considered whether it had personal jurisdiction over Defendants before denying the motion for a default judgment because Defendants have not appeared. That argument is not persuasive. A number of circuit courts have held that a district court is required *sua sponte* to consider whether it has personal jurisdiction over a defaulting defendant before entering a default judgment. *See Mwani v. bin Laden*, 417 F. 3d 1, 6 (D.C. Cir. 2005); *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F. 3d 322, 324 (5th Cir. 2001); *In re Tuli*, 172 F. 3d 707, 712 (9th Cir. 1999); *Dennis Garberg & Assocs, Inc. v. Pack-Tech Intern. Corp.*, 115 F. 3d 767, 772 (10th Cir. 1997). The Second Circuit has held that a court "*may* first assure itself that it has personal jurisdiction over the defendant," before entering a default judgment, *City of New York v. Mickalis Pawn Shop LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (emphasis added); *see also Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010), but it has refrained from requiring district courts to determine that they have personal jurisdiction, *see CKR Law LLP v. Anderson Investments Int'l., LLC*, 544 F. Supp. 3d 474, 479 (S.D.N.Y. 2021). In its Memorandum and

Order, the Court exercised its discretion to consider personal jurisdiction. The Court explained its reasoning: although considering personal jurisdiction on a motion for default judgment is not required in this Circuit, and indeed may not be advisable when the issue is close, in circumstances such as those presented here where a plaintiff's submissions clearly indicate an absence of personal jurisdiction, judicial efficiency is served by courts considering personal jurisdiction prior to issuing a default judgment. *See* Dkt. No. 81 at 4–6. Plaintiffs have offered no reason for the Court to reconsider that judgment.

Plaintiffs' argument that the Court should not have relied on state law is without merit. The issue is not, as Plaintiffs contend, about New York State rules of arbitration versus federal arbitration law. The relevant issue is personal jurisdiction, an issue on which federal courts look to state law. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F. 3d 95, 104 (2d Cir. 2006).

Plaintiffs' request that the Court enter an order dismissing this case, on the other hand, has merit. As Plaintiffs point out, absent such an order, Plaintiffs will be left in no-man's land— without a complaint to prosecute but also without an appeal to pursue. Dkt. No. 83 at 7. Accordingly, the Court orders that this case be dismissed without prejudice for lack of personal jurisdiction. The Clerk of Court is respectfully ordered to close this case.

SO ORDERED.

Dated: August 5, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge